## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Blama J.K., Jr., | Civ. No. 20-0852 (PJS/BRT) |
| Petitioner, | |
| v. | **ORDER** |
| DHS-ICE, Chief Counsel, Attorney General, and Sherburne County Sheriff, | |
| Respondents. | |

Blama J.K., Jr., *pro se* Petitioner.

Gregory G. Brooker, Esq., Ana H. Voss, Esq., and Ann M. Bildtsen, Esq., United States Attorney's Office, counsel for Respondents.

BECKY R. THORSON, United States Magistrate Judge.

In this petition for a writ of habeas corpus under 28 U.S.C. § 2241, Petitioner Blama J.K., Jr. requests release from immigration detention pending his removal from the United States. (Doc. No. 1, Habeas Pet.) For the reasons stated below, this Court recommends dismissing the Petition without prejudice.

### I.     Background

On June 22, 2005, Petitioner—a native and citizen of Liberia—entered the United States on a F43 visa. (Doc. No. 11, Van Der Vaart Decl. ¶ 4.) A F43 visa is issued to the children of immigrants who have a direct relative who is a United States Citizen. (*Id.*) Petitioner later adjusted his status to Lawful Permanent Resident. (*Id.*)

Beginning in 2016, Petitioner has had a number of negative encounters with law enforcement and the courts. (*See id.* ¶¶ 5–13, Ex. 1 at 7–8, 10–23.) The resulting convictions include a misdemeanor offense of fail/refuse to vacate in South Dakota (*id.* ¶ 7, Ex. 1 at 7, 13), felony motor vehicle theft in Minnesota (*id.* ¶ 8, Ex. 1 at 8, 20) misdemeanor simple assault (fear) in South Dakota (*id.* ¶ 9, Ex. 1 at 8, 12), and disorderly conduct in South Dakota (*id.* ¶ 10, Ex. 1 at 8, 15). Petitioner was also convicted twice in North Dakota—once in 2016 and again in 2018— for unlawful possession of marijuana. (*Id.* ¶¶ 6, 11, Ex. 1 at 4, 7–8, 10.) On December 12, 2018, Petitioner was re-sentenced for the felony motor vehicle conviction in Minnesota because he violated the terms of his probation, and sentenced to twelve months and one day in prison. (*Id.* ¶ 12, Ex. 1 at 8.)

On May 30, 2019, Minnesota correctional authorities transferred Petitioner to Immigration Customs Enforcement ("ICE") on an immigration detainer. (*Id.* ¶ 14, Ex. 1 at 7.) That same day, Petitioner was served with a Notice to Appear in Removal Proceedings and charged as removable under 8 U.S.C. § 1227(a)(2)(B)(i) for violating a law related to a controlled substance, other than a single offense involving possession for personal use of 30 grams or less of marijuana. (*Id.* ¶ 15, Ex. 1 at 4.) The charge was based on Petitioner's 2016 and 2018 convictions for unlawful possession of marijuana in North Dakota. (*Id.*)

On August 20, 2019, an Immigration Judge ("IJ") conducted a hearing on Petitioner's removal. (*Id.* ¶ 16, Ex. 1 at 24–25.) The IJ issued her written decision on September 24, 2019, canceling Petitioner's removal. (*Id.* ¶ 17, Ex. 1 at 29–37.) The Department of Homeland Security timely appealed the IJ's decision to the Board of

2

Immigration Appeals ("BIA") on October 7, 2019. (*Id.* ¶ 18, Ex. 1 at 38–58.) On March 30, 2020, while that appeal was still pending, Petitioner filed this Petition for Writ of Habeas Corpus, challenging his ongoing detention. (Habeas Pet. 1.) The Government responded on May 6, 2020. (Doc. No. 10.)

On May 18, 2020, the BIA reversed the IJ's decision and ordered Petitioner removed to Liberia. (Doc. No. 14, Suppl. Van Der Vaart Decl. ¶ 5, Ex. 1 at 5.) With the BIA's order of removal in place, Respondents represent that they will next contact the Liberian Embassy to obtain a travel document for Petitioner. (Suppl. Van Der Vaart Decl. ¶ 6.) Respondents further represent that immigration officials will conduct a review of Petitioner's custody within the 90-day removal period as required by ICE regulations. (*Id.* ¶ 7.)

This Court permitted supplemental briefing to permit the parties to address the impact of the BIA's May 18, 2020 reversal of the IJ's decision. The Government filed its supplemental brief and declaration on May 22, 2020. (Doc. Nos. 13, 14.) Petitioner filed his supplemental brief on June 5, 2020. (Doc. No. 16.) Subsequently, on July 20, 2020, Petitioner filed a brief notifying the Court that he has filed a motion to reconsider with the BIA. (Doc. No. 17.) The Court directed the Government to respond, and the Government filed its response and additional declaration on July 31, 2020. (Doc. Nos. 18, 19, 20.)

**II.   Analysis**

A writ of habeas corpus enables a person detained by the Government to challenge the legality of his confinement and, if successful, secure his release. *See Preiser v.*

*Rodriguez*, 411 U.S. 475, 485 (1973). The primary habeas corpus statute, 28 U.S.C. § 2241, confers jurisdiction upon federal courts to hear habeas challenges to the lawfulness of immigration-related detentions. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may not review a discretionary decision made by immigration authorities, but it may review immigration-related detentions to determine if they are constitutional. *Id.* at 688.

Under 8 U.S.C. § 1226(a), the Government may arrest and detain an alien "pending a decision on whether the alien is to be removed from the United States." If a final order of removal is issued against the alien, the Government may continue to detain him pursuant to 8 U.S.C. § 1231. Under § 1231(a), the Government must remove the alien within a period of ninety days (the "removal period"), beginning on the latest of:

(i)  The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). The statute requires that "[d]uring the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2).

Here, it is undisputed that when Petitioner filed his Habeas Petition on March 30, 2020, he was in pre-removal detention and detained pursuant to § 1226. (*See* Resp. 5; Van Der Vaart Decl. ¶¶ 17–18.) But on May 18, 2020, the BIA reversed the decision of the IJ and ordered Petitioner removed to Liberia. (*See* Suppl. Van Der Vaart Decl., Ex.

4

1.) Thus, as of May 18, 2020, Petitioner was subject to a final order of removal and, as a result, the Government's authority to detain Petitioner shifted from § 1226 to § 1231.[1] This shift is significant because pursuant to § 1231, the BIA's decision renders Petitioner's claim based on pre-removal detention moot. *See Alier D. v. Sec'y of Dep't of Homeland Sec.*, No. 18-CV-1645 (NEB/HB), 2018 WL 5847244, at *2 (D. Minn. Nov. 8, 2018) (stating the shift of authority to detain the petitioner from § 1226 to § 1231 renders a claim based on pre-removal detention moot) (citation omitted).

Here, Petitioner did not squarely address the shift from § 1226 to § 1231 in his response to the Government's supplemental briefing. Instead, he challenged the Government's reliance in its appeal to the BIA on criminal offenses that were not included in the charging document, and argued that the BIA itself improperly relied on such evidence when making its decision. (*See* Doc. No. 16, Counter to Respondents' Resp.) The Court cannot address the merits of that argument, however, because "the exclusive means of review of an administrative order of removal, deportation, or exclusion" is an appeal to the Eighth Circuit. *Tostado v. Carlson*, 481 F.3d 1012, 1014 (8th Cir. 2007). There is no indication in the record that Petitioner has filed an appeal to the Eighth Circuit.

---

[1]   Petitioner's removal period began to run on May 18, 2020, the date the BIA ordered him removable, and will expire on August 16, 2020. *See Inemo S. C. v. Dep't of Homeland Sec.*, No. 19-CV-2881 (PJS/LIB), 2020 WL 2765108, at *1 (D. Minn. May 28, 2020) (citing 8 U.S.C. § 1231(a)(1)(B)(i); *Giraldo v. Holder*, 654 F.3d 609, 611 (6th Cir. 2011) (explaining that orders of removal are administratively final when affirmed by the BIA)).

In his Notice filed July 20, 2020, Petitioner does assert that his filing of a motion to reconsider with the BIA on May 18, 2020—which is still pending—means that the BIA's order is no longer considered final. (Doc. No. 17, Notice 1.) But this is incorrect. The regulation at 8 C.F.R. § 1003.2(f) states that "the filing of . . . a motion to reconsider shall not stay the execution of any decision made in the case," and that the "[e]xecution of such decision shall proceed unless a stay of execution is specifically granted by the Board, the Immigration Judge, or an authorized officer of the Service." *See also White v. INS*, 6 F.3d 1312, 1317 (8th Cir. 1993) ( "Nowhere in the INA or its regulations is there any indication that a motion to reopen or reconsider, regardless of when it is filed or decided, has a bearing on the finality of a deportation order.") (citing to 1993 edition of the Code of Federal Regulations), *cert. denied*, 511 U.S. 1141, 114 S.Ct. 2162, 128 L.Ed.2d 886 (1994). Accordingly, because the BIA did not stay the execution of its May 18, 2020 order, Petitioner's removal period began to run on that date, and his detention is therefore governed by § 1231. *Gahamanyi v. Baniecke*, No. CIV. 07-4007 RHK/RLE, 2008 WL 5071098, at *11 n.10 (D. Minn. Nov. 24, 2008).

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *David J. v. Sec'y Homeland Sec.*, No. 19-CV-99 (NEB/ECW), 2019 WL 7494684, at *2 (D. Minn. Nov. 25, 2019), *report and recommendation adopted*, No. 19-CV-99 (NEB/ECW), 2020 WL 85098 (D. Minn. Jan. 7, 2020) (quoting *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005)). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective

relief,' the case is considered moot." *Cangemi*, 419 F.3d at 723 (quoting *Haden*, 212 F.3d at 469). When a case becomes moot, a federal court cannot "address the merits because any opinion [the court] would issue would be merely advisory." *In re Search Warrants Issued in Connection with Investigation of S. Cent. Career Ctr., W. Plains, Mo.*, 487 F.3d 1190, 1192 (8th Cir. 2007). Here, "[t]he shift of the government's authority to detain the petitioner from § 1226 to § 1231 renders moot his claim based on [§ 1226 and] pre-removal detention." *Alier D.*, 2018 WL 5847244, at *2.

Petitioner does not currently have a viable claim under § 1231 and *Zadvydas* either. *See Shol v. Sec'y of Homeland Sec.*, No. 18-CV-3139 (WMW/SER), 2019 WL 2746267, at *3 (D. Minn. Apr. 25, 2019), *report and recommendation adopted sub nom. Afeing Z. S. v. Sec'y Homeland Sec.*, No. 18-CV-3139 (WMW/SER), 2019 WL 2743776 (D. Minn. July 1, 2019) ("A habeas petitioner may not seek relief under *Zadvydas* until [the] six-month detention period has come to pass.") (citing *Mehighlovesky v. U.S. Dep't of Homeland Sec.*, Case No. 12-cv-902 (RHK/JJG), 2012 WL 6878901, at *2 (D. Minn. Dec. 7, 2012)). In *Zadvydas*, the Supreme Court held that under § 1231(a)(6),[2] certain aliens' "post-removal-period detention" may not exceed "a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. The Supreme Court concluded that it is presumptively reasonable for the Government to

---

[2]   8 U.S.C. § 1231(a)(6) applies to those aliens who are "inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who ha[ve] been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal."

7

detain an alien up to six months from his order of removal becoming final, effectively doubling the 90-day period authorized by § 1231(a)(1). *Id.* at 701.

Here, Petitioner's removal order became final when the BIA reversed the IJ and ordered Petitioner removable on May 18, 2020. *See Gahamanyi*, 2008 WL 5071098, at *9 (holding that a removable order became final when the BIA sustained the Government's appeal). Because Petitioner's removal order became final on May 18, 2020, he is still within the 90-day detention period required by § 1231(a)(1), as well as the six-month presumptively constitutional period prescribed by *Zadvydas*. After that six-month period has passed, the continued constitutionality of Petitioner's detention will depend on whether there is a "significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Petitioner, however, is not near the end of the six-month *Zadvydas* period, and therefore this Court need not determine whether his removal is likely in the reasonably foreseeable future because that issue is not yet ripe for decision. *Shol*, 2019 WL 2746267, at *3. Accordingly, the Habeas Petition should be denied without prejudice as premature. *Id.*

### III. Conclusion

For the foregoing reasons, this Court recommends that the Petition for a Writ of Habeas Corpus (Doc. No. 1) be dismissed without prejudice.

## RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for a Writ of Habeas Corpus (**Doc. No. 1**) be **DISMISSED** without prejudice; and

2. Judgment be entered accordingly.


Dated: August 11, 2020                    *s/ Becky R. Thorson*_____
                                           BECKY R. THORSON
                                           United States Magistrate Judge


**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).